**[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 56.]**

THE STATE EX REL. DIROSA, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. DiRosa v. Indus. Comm.*, 1998-Ohio-685.]

*Workers' compensation—Denial of wage-loss compensation by Industrial Commission an abuse of discretion, when.*

(No. 96-1393—Submitted October 13, 1998—Decided December 2, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD02-193.

_____

{¶ 1} In December 1991, appellant-claimant, Michael F. DiRosa, Jr., held two jobs, one as a full-time self-employed insurance agent and the other as an "on-call" fireman/EMT for the Bath Township Fire Department. On December 6, 1991, claimant was responding to a fire call when he struck a car that had turned in front of him. As a result of the injuries arising therefrom, appellee, Industrial Commission of Ohio, allowed a workers' compensation claim for "cervical, thoracic and lumbar sprain/strain."

{¶ 2} As a result of his injuries, claimant was permanently restricted by attending physician Dr. James F. Grow, Jr., from doing heavy lifting, which prevented claimant from returning to his fireman/EMT job. Dr. Grow also prescribed a gradual return to work for claimant to full-time insurance duties. On March 15, 1992, claimant was "released [to work] as ins. agent—3 hours/day light office duties." In June 1992, he was released to perform "light outside sales [and] * * * office duties," not to exceed six hours per day. In 1993, claimant was released to work seven hours per day of "nearly full outside sales [and] * * * office duties." Finally, in an April 25, 1994 letter, Dr. Grow indicated that claimant was "able to

work no more than 8 hours a day as an insurance agent," due to the chronicity of his allowed conditions.

{¶ 3} Claimant eventually moved the commission for wage-loss compensation pursuant to R.C. 4123.56(B). Claimant submitted medical evidence from Dr. Grow that documented claimant's physical restrictions as well as his income information from both employers. A commission district hearing officer denied claimant's motion, writing:

"It is the finding of the District Hearing Officer that the Claimant did not present sufficient probative evidence of Wage Loss Compensation to justify an award from 3-15-92 to the present (1-25-94).

"Therefore, Wage Loss Compensation form [*sic* ] the above period is denied."

{¶ 4} A staff hearing officer affirmed that order on March 31, 1994 as follows:

"The order of the District Hearing Officer, dated 1-25-94[,] is affirmed.

"Prior to the within injury, claimant had full-time employment as a self-employed insurance agent and also worked 'on-call' as a fireman/EMT for the within named employer. Claimant responded to fires/emergencies by beeper, had a few other duties, and was primarily compensated in that job for the calls to which he responded.

"Claimant was released to return to work as a self-employed insurance agent (C-84 report of Dr. Grow) and, therefore, is not eligible for wage loss compensation for loss of earnings due to being unable to return to that employment. Claimant testified at hearing that he had not increased his labors as an insurance agent in order to attain [*sic* ] any of the lost earnings from his fireman's position, nor did he seek other employment within his physical capabilities to replace lost income from the fireman/EMT position. Therefore, the Hearing Officer finds claimant did not make a good faith effort to seek employment within his physical capabilities."

**{¶ 5}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying wage-loss compensation. The court of appeals disagreed and denied the writ.

**{¶ 6}** This cause is now before this court upon an appeal as of right.

_____

*Michael I. Shapero & Associates* and *John P. McGinnis*, for appellant.

*Betty D. Montgomery*, Attorney General, *Miltina A. Gavia* and *Cordelia A. Glenn*, Assistant Attorneys General, for appellee.

_____

***Per Curiam.***

**{¶ 7}** R.C. 4123.56(B) provides:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds per cent of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

**{¶ 8}** Additionally, Ohio Adm.Code 4121-3-32(D) states:

"In injury claims in which the date of injury * * * is on or after August 22, 1986, the payment of compensation [f]or wage loss pursuant to division (B) of Section 4123.56 of the Revised Code shall commence upon application with the finding of any of the following:

"(1) The employee as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

SUPREME COURT OF OHIO

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

{¶ 9} To prevail on his claim, a claimant must demonstrate an actual wage loss that is causally related to his or her injury. *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202. Therefore, voluntary acts by a claimant that limit income can foreclose wage-loss compensation. *State ex rel Pepsi-Cola Bottling Co. v. Morse* (1995), 72 Ohio St.3d 210, 648 N.E.2d 827.

{¶ 10} The commission, in this case, found a voluntary limitation of income, citing claimant's failure to replace his lost fireman/EMT wages by "increased labors" in his insurance business or elsewhere. Fatal to this reasoning, however, is the commission's inherent assumption that claimant was medically capable of increasing his labors. The commission does not dispute claimant's description of his insurance agent position as having "minimal physical demands." Dr. Grow nevertheless concluded that claimant's allowed conditions were such that a restriction in the number of hours that claimant could do such work was necessary. Since there is no evidence that claimant was working fewer hours than the maximum medically permitted, the commission abused its discretion in expecting claimant to devote more hours to either his insurance business or any other employment.

{¶ 11} Accordingly, we reverse the judgment of the court of appeals and return the cause to the commission with instructions that it vacate its denial of wage-loss compensation, determine the dates over which such compensation is payable, and issue an appropriate order.

*Judgment reversed*
*and cause returned.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 12} I respectfully dissent.  I do not find Dr. Grow's opinion conclusive that DiRosa is unable to work at *any* employment longer than eight hours per day. Therefore, I agree with the court of appeals that this claimant failed to prove that he qualifies for wage-loss compensation as a result of his allowed conditions.

{¶ 13} The claimant suffers from a soft tissue injury.  Dr. Grow opined that DiRosa is medically restricted from any heavy lifting, but that he is capable of returning to his job as an insurance agent.  Dr. Grow's additional statement that DiRosa "is able to work no more than 8 hours a day as an insurance agent" is conclusory and unsubstantiated by the facts or medical evidence.  This is insufficient evidence that DiRosa is physically unable to perform any other types of employment in an effort to replace the income lost from his fireman/EMT position.

{¶ 14} Therefore, I would affirm the judgment of the court of appeals.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

_____